## Brannan v. Bond, Appellant.

*Appeals—Penalty for taking an appeal for delay—Act of May 19, 1897, sec. 21, P. L. 67.*

Where a defendant takes an appeal and does not duly prosecute it, and it is made to appear to the appellate court that the attorney for the appellant had said to the attorney for the appellee, " perhaps we will not win in the Superior Court, but we will keep you waiting that much longer for your money," the penalty provided for by the act of May 19, 1897, will be imposed.

Petition for penalty under Act of May 19, 1897.

The petition was as follows:

That the above plaintiff recovered judgment from the said defendant on January 4, 1901, for $150 ; that on January 7, 1901, the defendant made a motion for a new trial and filed certain reasons, said reasons were without any merit whatever; that after argument, the court did on February 18, dismiss said rule; on February 28, 1901, judgment was entered on verdict, and on March 6, 1901, the defendant took an appeal to the Superior Court; that the appellant never ordered the testimony transcribed, and has never served the appellee with a copy of his paper-book, and the appellee verily believes said appeal was made for the purpose of delay, as George F. Munce, Esq., attorney for appellant, on or about March 6, 1901, stated to Wm. C. Alexander, attorney for appellee, that, " perhaps we will not win in the Superior Court, but we will keep you waiting that much longer for your money."

Your petitioner therefore prays your honorable court to enter a rule on the appellant, St. George Bond, to show cause why your honorable court should not award to the appellee, as further costs, an attorney fee of $25.00 and damages at the rate of six per centum per annum in addition to legal interest as provided in section 21 of act of assembly of May 19, A. D. 1897.

PER CURIAM, December 16, 1901 :

Now, December 16, 1901, the rule to show cause why the court should not award as further costs an additional attorney fee of $25.00 and damages at the rate of six per centum in addition to legal interest is made absolute, and it is so ordered.